ORIGINAL

LI & TSUKAZAKI,
Attorneys at Law, LLC

PHILLIP A. LI           4262-0
733 Bishop Street, Suite 1770
Honolulu, HI 96813
Telephone: (808) 524-4888
Facsimile: (808) 524-4887

Attorney for Defendants
LIFE INSURANCE COMPANY OF NORTH
AMERICA, CIGNA CORPORATION, CIGNA
LIFE INSURANCE COMPANY OF NEW
YORK, CIGNA GROUP INSURANCE, and ANI
DJEGELIAN

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 06 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ARNOLD JAMES PADGETT,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA CORPORATION, CIGNA LIFE INSURANCE COMPANY OF NEW YORK, CIGNA GROUP INSURANCE, AND ANI DJEGELIAN,<br><br>Defendants. | CIVIL NO. CV08 00119 JMS LEK<br><br>NOTICE OF REMOVAL BY DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA CORPORATION, CIGNA LIFE INSURANCE COMPANY OF NEW YORK, CIGNA GROUP INSURANCE, AND ANI DJEGELIAN; STATEMENT OF RELATED CASES; DECLARATION OF MATT A. TSUKAZAKI; EXHIBIT "1"; CERTIFICATE OF SERVICE |

NOTICE OF REMOVAL BY DEFENDANTS
LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA
CORPORATION, CIGNA LIFE INSURANCE COMPANY OF NEW YORK,
CIGNA GROUP INSURANCE, AND ANI DJEGELIAN

Defendants LIFE INSURANCE COMPANY OF NORTH AMERICA, CIGNA CORPORATION, CIGNA LIFE INSURANCE COMPANY OF NEW YORK, CIGNA GROUP INSURANCE, and ANI DJEGELIAN (collectively "Defendants"), by and through their undersigned attorney, hereby give Notice of Removal to the United States District Court for the District of Hawai`i of the state court action captioned Arnold James Padgett v. Life Insurance Company of North America, et al., Civil No. 08-1-0075(3), filed in the Circuit Court of the Second Circuit, State of Hawai`i, on February 12, 2008, a copy of which is attached hereto as Exhibit "1". This Notice of Removal is made pursuant to 28 U.S.C. §§1331, 1332, 1441, and 1446, and is based upon the following:

1. On March 5, 2007, Plaintiff Arnold James Padgett ("Plaintiff") brought a lawsuit in the Circuit Court of the Second Circuit entitled Arnold James Padgett v. CIGNA Corporation, et al., Civil No. 07-1-0071(3) (hereinafter referred to as "Padgett I"), against Defendants. Padgett I alleges claims relating to, or arising out of, the administrative review of Plaintiff's claim for disability benefits under a disability insurance policy issued by Defendant Life Insurance Company of North America and the initial decision to terminate disability benefits to Plaintiff, which are completely pre-empted by the Employee Retirement Income

2

Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

2.  Padgett I was removed to the United States District Court for the District of Hawai'i on April 13, 2007, and assigned the Civil Number CV07-00200 DAE LEK.

3.  Padgett I is still pending before this Court.

4.  On February 12, 2008, Plaintiff filed two lawsuits in the Circuit Court of the Second Circuit.

5.  The first lawsuit is entitled <u>Arnold James Padgett v. CIGNA Corporation, et al.</u>, Civil No. 08-1-0076(1) (hereinafter referred to as "Padgett II"), and it alleges claims relating to, or arising out of, the administrative review of Plaintiff's claim for disability benefits under a disability insurance policy issued by Defendant Life Insurance Company of North America and the initial decision to terminate disability benefits to Plaintiff, which are governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* As alleged in Padgett II, just as it is in Padgett I, Plaintiff is a beneficiary under the disability insurance policy, Policy No., SLK00300004, which was a group policy issued to Plaintiff's former employer, Brown & Caldwell. Padgett II at ¶ 4.

6.  Padgett II has been removed to this Court.

7.  The second lawsuit is entitled <u>Arnold James Padgett v. Life Insurance Company of North America, et al.</u>, Civil No. 08-1-0075(3) (hereinafter

referred to as "Padgett III"), and it alleges that Plaintiff had a alleged settlement agreement with Defendants and that Defendants have breached the settlement agreement, or in the alternative, if there was no settlement that the parties are restored to their initial position. Exh. "1" at ¶¶ 3 – 9.

8. In Padgett III, Plaintiff prays for damages in the amount of $75,000. Exh. "1" at ¶¶ 5 & 7.

9. In Padgett III, Plaintiff prays for attorneys' fees allowable by law. Exh. "1" at Prayer ¶ 4.

10. In Padgett III, Plaintiff's identifies as defendants foreign corporations and/or residing in a State other than Hawaii. Exh. "1" at ¶ 2.

11. Removal on the basis of federal question jurisdiction is based upon the Federal District Court's jurisdiction of a lawsuit brought under ERISA by beneficiary, and thus this action is removable under 28 U.S.C. §1441(a) and (b).

12. The alleged settlement agreement in Padgett III is an alleged settlement agreement of the claims in Padgett I, which had already been removed to Federal Court. The alleged settlement agreement provides for the alleged settlement of the claims governed under ERISA. Board of Trustees of Sheet Metal Workers Local Union No. 137 v. Vic Construction Corp., 825 F. Supp. 463 (E.D. N.Y. 1993) (Federal common law governs validity of settlement agreements resolving ERISA disputes). Declaration of Counsel.

4

13. Removal is also based on diversity jurisdiction under 28 U.S.C. §1332(a) and §1441(b). All defendants are incorporated, citizens and/or residents, in jurisdictions other than Hawai`i. It is more likely than not that the amount in controversy exceeds "$75,000 exclusive of interest and costs."

14. Padgett III contains a prayer for "attorney's fees allowable by law." "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).

15. Hawaii Revised Statute Section 607-14 provides for the award of attorneys' fees to the prevailing party in any action in the nature of assumpsit:

> § 607-14. Attorneys' fees in actions in the nature of assumpsit, etc.
>
> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the

> losing party; provided that this amount shall not exceed twenty-five percent of the judgment.
> (Emphasis added.)

16. Defendants have filed this notice in good faith and state that it is not designed to unduly delay this proceeding or to harass Plaintiff.

WHEREFORE, Defendants pray that the civil action in the Circuit Court of the Second Circuit entitled <u>Arnold James Padgett v. CIGNA Corporation, et al.</u>, Civil No. 08-1-0075(3), be removed to this Court.

DATED: Honolulu, Hawaii, March 6, 2008.

> LI & TSUKAZAKI,
> Attorneys at Law, LLC
>
> _____
> PHILLIP A. LI
> Attorney for Defendants
> LIFE INSURANCE COMPANY OF
> NORTH AMERICA, CIGNA
> CORPORATION, CIGNA LIFE
> INSURANCE COMPANY OF NEW
> YORK, CIGNA GROUP INSURANCE, and
> ANI DJEGELIAN